UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| W H WARD PROPERTIES INC | CASE NO. 1:18-CV-00488 |
| VERSUS | JUDGE DRELL |
| KEPCO ENERGY INC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the court is Defendant Seagull Operating Co., Inc's (Seagull) motion for summary (Doc. 62) judgment wherein Seagull seeks dismissal of claims against it as they have prescribed. Plaintiff W.H. Ward Properties, Inc. ("Ward") filed its opposition to the motion for summary judgment (Doc. 72) and the matter is ripe for consideration. For the reasons expressed herein, the motion will be GRANTED.

### I.     Relevant Facts

In 1986, one Don Marlin[1] entered into an oil and gas mineral lease with various heirs of W.H. Ward.[2]  (Doc. 72-2).  In 1987, this lease was assigned by Don Marlin to Seagull.  Seagull continued its operations under the lease from 1987 through May 2002 when it "assigned all of its rights, title and interests in the saltwater disposal well described as A.J. Ward, et al SWD #1, being located 2,017.5' north of the Southwest corner in Lot 11, Section 40, Township 7 North, Range 3 East, LaSalle Parish, Louisiana, then 2,276' west to location bearing Serial Number 027612" ("saltwater well") to Kepco Energy, Inc.  (Doc. 72-3).  It is this saltwater well that is at issue in this suit.

---

[1] Don Marlin is not otherwise identified in the record.

[2] It is unclear from the record before us today when and how the heirs of WH Ward transferred their interests in the property to WH Ward Properties, Inc..

On July 13, 2016, James Mixon, as attorney for the AJ Ward heirs, sent a letter to Kepco Operating, Inc. regarding the saltwater well.[3] Specifically, he notified Kepco Operating Inc. that the lease under which it operated on the property in question had expired. Despite the expiration of the lease, Kepco remained listed as the operator of the saltwater well with the Louisiana Office of Conservation. As the Ward heirs wished to enter into a lease agreement with another company, they asked that Kepco sign a change of operator form. Kepco was also told it should cease utilizing the saltwater well, or its actions would be considered a trespass, with legal action to follow. (Doc. 62-4). According to Ward, Kepco never complied with the request to sign the change of operator form. Instead, it continued to utilize the saltwater well.

Thus, on April 10, 2018, Ward filed the instant action against various defendants, including Seagull, asserting that the defendants continue to operate the saltwater well despite lease agreement's expiration in June 1992. In its complaint, Ward claims in relevant part:

> Defendants do not have any rights to use the SWD well or to enter upon the property where it is located, their utilization of the SWD well for their sole economic benefit is a trespass and additionally obligates the defendants to account to the plaintiff for the revenues and profits it has gained through the operation of the SWD well. No man may profit from his wrongdoing or he will be unjustly enriched.
> . . .
> Defendants' failure to account for their profits made by operating a SWD well without any such agreement to do so constitutes waste, which is an unlawful physical invasion of the property of another. Defendants have trespassed against the ownership interests of the plaintiff.
> . . .
> Defendants owe a duty to the plaintiff not to trespass.
> The defendants' actions constitute a continuing tort that began when the 1986 Lease expired and continues today.
> . . .
> Alternatively, and only in the event the plaintiff is not entitled to recovery against the defendants under accession to immovable, then in that event the plaintiff is entitled to damages under the continuing tort theory for moral and legal bad-faith trespass.
> . . .

---

[3] The letter was purportedly on behalf of Plaintiff though they are referred to in the letter as the AJ Ward heirs and not W.H. Ward Properties, Inc.

> Defendants owe a duty to plaintiff not to trespass. The operating cause of the injury consisted of defendants' presence on the Property after the expiration of the 1986 Lease.
>
> . . .
>
> The defendants' actions have created an ongoing an damaging nuisance to the plaintiff, which continues to this date.
>
> . . .
>
> In addition,. The defendants' failure to restore the Property constitutes a continuing breach of duties imposed by tort law.

(Doc. 1).

## II.  Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine issue of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Duffy v.

Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir.1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312, citing Anderson v Liberty Lobby, 477 U.S. at 247.

### III. Analysis

Seagull contends the suit against it should be dismissed because all claims against it prescribed under the one year liberative prescriptive period provided for tort claims in Louisiana. In response, Ward argues that this case is not a tort case but a breach of contract case and, as such, a ten year prescriptive period applies.

A review of Ward's complaint establishes that the suit filed against Seagull is indeed framed as a tort action. Ward asserts claims and seeks damages for trespass, continuing tort, and nuisance. Not one allegation for breach of contract is raised in the complaint, nor is one raised by the factual allegations. In fact, the first time the term "breach of contract" is asserted by Ward are in its opposition to this motion for summary judgment. Accordingly, we find that the lawsuit filed in this court is a tort action. As such, the applicable prescriptive period is one year. See La. Civ. Code. art 3493.

Applying this prescriptive period to the torts of trespass, continuing tort, and nuisance, we find all claims asserted against Seagull are prescribed and should be dismissed. Seagull ceased all operations on Ward's property by May 2002. This fact is not contested by Ward. Accordingly, all claims asserted by Ward would have prescribed, at the lasts, in May 2003, a year after it was last present and/or caused alleged damage.

We further note that even if Ward had asserted claims for breach of contract, there is not, in this record, any contract to breach.  The only one of record here expired in June 1992 and any Seagull activity on the property ceased in May 2002, in any event.  Accordingly, even if a ten year prescriptive period applied, it would have run in June 2012, at the latest.

**IV.   Conclusion**

For the reasons set forth above, Seagull Operating Co, Inc.'s motion for summary judgment will be granted as to all claims.  The court will issue a judgment in conformity with these findings.

**THUS DONE AND SIGNED** this 15th day of April 2020, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**